## LEIGH & Co. v. LIGHTFOOT.

1. Where the copy of the bill indorsed on the protest differs in some one or more words from that declared on, and produced at the trial, the protest should, notwithstanding, be allowed to go before the jury, that the plaintiff may show, by other testimony, the identity of the copy with the original adduced.

2. Where the declaration alledges that the bill declared on was drawn at Leighton, in Lawrence county, on the drawees at Mobile, and the bill produced at the trial was dated Leighton, and addressed to the drawees at Mobile, it sufficiently appears that it is an *inland bill*, which need not be protested to entitle the plaintiff to recover the sum expressed on its face with interest; but unless there is a protest the statute damages cannot be recovered.

3. As the statute makes the certificate of a notary in the protest of an inland bill, that he had mailed a notice of the dishonor, addressed to the drawer at a certain post office, evidence of the fact, if the protest and notice recited therein are regular, the holder may prove on the trial that the notice was addressed to the proper office.

4. In an action on a bill of exchange against the drawer, the court charged the jury, " that the bill of exchange which had been read to them, and the certificate thus admitted, was testimony for them to consider, as evidence of the protest of said bill, and notice to the defendant :" *Held,* that as the protest was admissible evidence, though perhaps insufficient in itself, the charge was not erroneous, that if the defendant desired other, or explanatory instructions, he should have prayed the court to give them, and charge the jury explicitly as to the effect of the evidence.

Writ of Error to the County Court of Lawrence.

THIS was an action of assumpsit at the suit of the defendant in error, against the plaintiffs, as the drawers of a bill of exchange. The first count of the declaration is on the bill, to which are added the common counts. On the trial, the plaintiff offered in evidence the bill declared on, which is as follows: " Leighton, 1 March, 1843—$1171 78. Twelve months after date of this, my first of exchange, second of the same tenor and date, pay to the order of John L. Townes,

eleven hundred and seventy-one 78-100 dollars, value received, which please charge to the account of

  Your ob't servant,     Wm. Leigh & Co.

Acceptance waived.

 Messrs. Tartt, Stewart & Co., Mobile."

Plaintiff also adduced a bill of the following tenor : " Leighton, 1 March, 1843—$1171 78. Twelve months after date of this, my first of exchange of same tenor and unpaid, pay to order," &c., being in all other respects as the above. The last bill was read from the same paper, on which there was a protest for non payment by the drawees, made by a notary of the city and county of Mobile, on the 4th day of March, 1844, and the notarial protest certifies that it was a true copy of the original bill, of which he demanded payment of the drawees, and transmitted to the defendants by mail, a notice addressed to them at Leighton. To the reading of the protest and bill thereon copied, the defendant objected, but his objection was overruled, and the same were permitted to go as evidence to the jury.

The court charged the jury, that the bill of exchange that had been read to them, and the certificate of protest, " was competent testimony for them to consider as evidence of the protest of said bill, and notice to the defendant, no other proof being produced, save that Leighton was the post office at which defendants usually received their letters. To the ruling of the court, and the charge given, the defendants, by their counsel excepted," &c. The jury returned a verdict for the plaintiff, and judgment was rendered accordingly.

T. M. Peters, for the plaintiffs in error, insisted that the protest should have been rejected as evidence, because it did not identify the bill. The jury could not know, in the absence of suppletory proof, that the bill declared on, and that protested, were the same. It is not denied but the discrepancy was susceptible of explanation by the testimony of the notary, or other evidence, but as this was not done, the protest was insufficient and irrelevant. This view is in harmony with the decisions relied on by the defendant in error in 11 Wheat. Rep. 431; 12 Mass. Rep. 6; 7 Ala. R. 205. The

copy of the bill is affirmed to be literal, and the slightest variance is sufficient to exclude the protest.   [1 Chit. Pl. 302; 1 Stark. Ev. 478; Step. Plead. Ap. 130.]

. There is no proof that the bill sued on, is an inland bill, and the plaintiff has treated it as a foreign bill.   The waiver of acceptance is not an admission that the drawees had no funds of the drawers, and does not dispense with protest and notice of non-payment.   But if it does, and the bill is a foreign one, then it would not be admissible under the common counts without protest and notice.

J. B. Sale, for the defendant in error, contended that the variance between the bill declared on, and that copied on the protest, was altogether immaterial, and even if carried into the notice sent to the drawers, it would not make the notice insufficient.   There can be no doubt but the evidence should have been allowed to go to the jury, and the court, instead of instructing them to consider of its sufficiency, might have charged that it was sufficient.   [11 Wheat. Rep. 431; 12 Mass. Rep. 6; 7 Ala. Rep. 25; Rob. Louis. Rep. 161.]   If the defendants had drawn another bill of the tenor of that copied on the protest, they should have proved it.   [3 Por. Rep. 353.]

The notice of the dishonor of a bill is sufficient, if by express terms or necessary implication, it imports the requisite facts.   [Story on Bills, § 390; Chit. on Bills, 466 to 470.] But the waiver of acceptance dispensed with the notice of non-payment—it indicated that the drawers had no funds in the drawees' hands, or at least that they never expected the bill to be honored.   [15 Mass. Rep. 69.]

The bill is an inland bill, and the protest was unnecessary to entitle the plaintiff to recover; [8 Porter Rep. 142; 2 B. Monr. Rep. 262; 5 Johns. Rep. 375; 2 Bay's Rep. 376;] and but for the statute the notarial certificate would not be evidence that notice was transmitted.   [Clay's Dig. 380, § 9; 7 Ala. Rep. 108; 6 Wheat. Rep. 572.]   The notary's certificate in the present case affirms that notice was duly mailed and addressed to the defendants at Leighton.

COLLIER, C. J.—In the Branch Bank at Decatur v.
116

Rhodes, at this term, the bill on which the defendant was charged as an indorser, was drawn on "Gamble & Murray," and that copied on the protest was addressed to "Gamble & Murrah;" the circuit court excluded the protest, because it did not correctly set forth the bill. We said it was certainly the correct practice to copy the bill upon the protest, yet if it were not literally transcribed, but the protest identified it by a description so minute as to leave no ground for mistake, we should be inclined to hesitate before we would pronounce against it. Without however, deciding whether the protest was in itself *sufficient* to prove the dishonor of the bill, we were of opinion that it was *competent* to show by extrinsic proof the identity of the bill indorsed, with that protested; and consequently the evidence was improperly rejected—the admission of the protest being necessary that the assistant testimony might follow. The case cited is a direct authority that the evidence now drawn in question was rightly admitted.

To entitle the plaintiff in the case before us to recover, it was not indispensable that the bill should have been protested. The declaration alledges that the bill was drawn at Leighton, in Lawrence county, on the drawees at Mobile in this State. This shows that it is an inland bill, which it is only necessary to protest to entitle the holder to the damages consequent upon its dishonor. But if nothing appeared to the contrary, should it not be intended that it was an inland bill, and would not the *onus* in a proper case devolve upon the party interested, to show that it was payable out of the State where drawn, so as to make a protest indispensable evidence of its dishonor? *Besides*, are not the courts of this State charged with a knowledge of the fact that Leighton is a village at which there is a post office, and Mobile an incorporated city, and also county—all situate in the State? There can be no question but a notice which described the bill as it was copied on the protest, would be sufficient to charge the drawers. In Mills v. The United States Bank, 11 Wheat. Rep. 431, it was held that no precise form of notice to the indorser of a promissory note is necessary—that it need not state who is the holder, nor will a mistake as to the date of the note vitiate the notice, if it convey to the party a

sufficient knowledge of the particular note which has been dishonored. That the notice need not formally alledge the note was demanded at the place where it was payable—if it states the fact of non-payment, and that the holder looks to the indorser for indemnity, it is sufficient. In Smith v. Whiting, 12 Mass. Rep. 6, a notice given to the indorser of a promissory note payable at a bank was held sufficient, which was given on the day it fell due, although it stated the maturity of the note to have occurred three days before, and although the name of the promisor was mistaken in the notice. True, in that case, it was in evidence that the indorser was liable on no other note in bank; but it can hardly be believed that the result would have been otherwise, if this assistant proof had not been made.

Moorman v. The Bank of Alabama, 3 Porter's Rep. 353, was an action against the second indorser (of which there were three) of a foreign bill. "Byron" was the third indorser, but in the copy on the protest the name was written "Pyron." The cashier of the bank which had purchased the bill testified that there was no other bill of the same tenor and date, and that it was forwarded to New Orleans, the place of payment, for collection. The court thought it a "legal inference," that the protest related to the bill in question, and that the notary committed a mistake in placing the name of Pyron for Byron on the protest; that the defendant being an indorser prior in order to Byron, could not be prejudiced by the mistake, even if it discharged the latter. Accordingly, upon a demurrer to evidence, it was held the plaintiff was entitled to judgment. There can be no doubt, but the relative position of the parties' names on the bill would have induced the same conclusion, without the testimony of the cashier.

We have seen that the protest was admissible evidence, that it might have been assisted by parol testimony if necessary, that a notice as explicit as the protest would be sufficient to advise the drawers of the dishonor of the bill, and that being an inland bill; it was not indispensable to entitle the holder to recover the amount of it with interest, that it should have been protested. It remains now to consider the charge to the jury, which is thus stated in the bill of excep-

tions, "that the bill of exchange which had been read to them, and the certificate of protest thus admitted, was testimony for them to consider as evidence of the protest of said bill, and notice to the defendant." The statute makes the affirmation by a notary in the protest of an inland bill, &c. that notice of its dishonor had been sent by mail to the persons entitled to it, evidence of the fact; and the additional proof that the post office to which it was transmitted, was that, at which the drawers usually received their letters, was sufficient to charge them, if the bill and protest was evidence to be considered by the jury. [2 Stew. & P. Rep. 428.]

We think there can be no doubt but it was competent for the jury to weigh this evidence and determine upon its effect: this is what the court instructed them was ,their appropriate duty. They were not informed that it was sufficient in itself to authorize them to find a verdict for the plaintiff. If the defendant had desired a charge upon this point, he should have prayed the court to give it. The omission to instruct a jury upon all the legal questions suggested by the proof in a cause is not a ground for the reversal of a judgment rendered on their verdict; it is enough if the court does not mistake the law, or lay it down in such manner as necessarily to mislead them. [1 Ala. Rep. N. S. 18–607; 2 Id. 694; 4 Id. 493.] In The State v. Brinyea, 5 Ala. Rep. 241, it was said, if a charge is considered objectionable, either on account of its obscurity, or tendency to mislead a jury, the party against whom it is to operate should ask an explanation of the court, otherwise an appellate court will not reverse the judgment for either of these objections to the charge, if it is substantially correct. And in Knapp v. McBride & Norman, 7 Ala. Rep. 19, we said, " There can be no question but a party has the right to require the opinion of the court upon any point of law that is pertinent to the issue, and the refusal of the court to give such an opinion would be available on error. *But the mere neglect or omission* of the judge to instruct the jury on some material point, though it might sometimes furnish just ground for a new trial, will not warrant a reversal of the judgment." We need not inquire whether the variance between the bill declared on and that copied on the protest is not so unimportant as to have war-

ranted the jury in considering that the bill in suit was that to which the protest applied; for however this may be, we have seen that there is no error in the ruling of the circuit court. This view relieves us from the necessity of considering what evidence would have been sufficient to support the common counts. We have but to add, that the judgment is affirmed.