## BRYANT *vs.* HUTCHINSON.

[ACTION ON PROMISSORY NOTE.]

1. *Construction of bill of exceptions as to offer and exclusion of evidence.*—Where the bill of exceptions, after stating that plaintiff offered in evidence the note sued on, proceeded thus : "The defendant then offered to read the second interrogatory, and answers thereto, of R. B., as follows," &c. "This answer was objected to by the plaintiff. The objection was sustained by the court, and the answer excluded ; to which defendant excepted. Defendant then offered to read the third interrogatory, and answer thereto, of said R. B., as follows," &c. "To the reading of which answer plaintiff objected. The court sustained his objection, and excluded the evidence ; and defendant excepted,"—*held*, WALKER, J., *dissenting*, that this must be construed to mean that the entire deposition was offered, and that the counsel offering it was proceeding to read the answers to the several interrogatories in their regular order.

APPEAL from the Circuit Court of Tallapoosa.

Tried before the Hon. ROBERT DOUGHERTY.

THIS action was brought by John Hutchinson against General J. Bryant ; was founded on the defendant's promissory note for $30, dated January 10, 1852, and payable on or before the 25th December next after date, to John Hutchinson or bearer ; and was commenced before a justice of the peace, and removed by *certiorari*, by the defendant, to the circuit court.

On the trial, as the bill of exceptions states, after the plaintiff had offered in evidence the note sued on, "the defendant then offered to read the second interrogatory, and answer thereto, of Rhodicey Bryant, as follows :

"*'Int.* 2.—If you answer that you are acquainted with General J. Bryant, state whether or not you know of any business transaction between him, John H. Hurst and the plaintiff in the above suit. If you answer that you do, please state fully what that transaction was, when it took place, and on what day. Give the day of the month and week, if you can ; and, if you cannot, state your best recollection.'

"*'Ans.*—To the second interrogatory she saith : I do. I know of G. J. Bryant loaning some money to Hurst,

29

and I know of Bryant signing a note as security for Hurst. I can't recollect the day of the month. I know it was done on Sunday morning after christmas. The note was dated on some other day. . I can't recollect as to the day of the month. I know it was done on Sunday morning, in December.'

"This answer was objected to by plaintiff. The objection was sustained by the court, and the answer excluded; to which defendant excepted.

"Defendant then offered to read the third interrogatory, and answer thereto, of said Rhodicey Bryant, as follows:

" '*Int.* 3.—If, in answer to the foregoing interrogatory, you state that General J. Bryant signed a note with John H. Hurst, state to whom the note was payable, what amount it called for in dollars and cents, and when due. In what capacity did Bryant sign it? as principal, or security? If there was any conversation between the parties at the time, state what it was, to the best of your recollection.'

" '*Ans.*—To the third interrogatory she saith: I can't read; but I heard both parties, that is, Hurst, Bryant and Spivey, talking about it. They said it was to carry to John Hutchinson. The note was given for $30, as they said; that is my best recollection. It was due the 25th day of December next from the date of the note; that is the best of her recollection. He signed the note as security in the 2d instance. There was about $10 that Hurst was due Bryant, borrowed money.'

"To the reading of which answer plaintiff objected. The court sustained his objection, and excluded the evidence; and *plaintiff* (?) excepted."

The exclusion of this evidence, as shown by the bill of exceptions, is now assigned as error.

J. T. LEFTWICH, for the appellant.

WM. H. BARNES, *contra.*

WALKER, J.—The two interrogatories, and the answers to them, to the exclusion of which the defendant excepted, were offered separately. When the court ex-

Bryant v. Hutchinson.

cluded the answer to the former, it was not informed that the answer to the latter would be offered; and when it excluded the answer to the latter of the two interrogatories, there was no offer to read the answer to the former in connection with it. Neither of the answers, separately considered, shows, as I understand, *prima facie*, the relevancy of the testimony : and I think the judgment of the court below ought to be affirmed. Besides, I incline to the opinion, that the declarations proved in answer to the latter of the two interrogatories cannot be regarded as a part of the *res gestæ*, and that the answer might have well been excluded on that ground. I do not think we can intend, for the purpose of reversing the judgment, that the two answers to the interrogatories were offered in connection, or that the proposition was to read the entire deposition, and that upon the reading of the deposition the two answers were excluded.—Bilberry v. Mobley, 21 Ala. 277 ; Abney v. Kingsland, 10 Ala. 355. But my brethren differ from me, and regard the answers separately as *prima-facie* relevant ; and think, also, that the entire deposition must be considered as having been offered, and that the counsel offering it was simply proceeding to read the answers to the interrogatories in the order in which they occur, and that the judgment of the court below ought to be reversed. They refer to the following authorities : Leigh v. Lightfoot, 11 Ala. 935 ; Cuthbert v. Newell, 7 Ala. 457 ; Smith v. Armstead, *ib.* 698 ; Laroque v. Hatch, *ib.* 798 ; Bell v. Pharr, *ib.* 807.

The judgment of the court below is reversed, and the cause is remanded.