## PIKE *vs.* ELLIOTT.

[TRESPASS QUARE CLAUSUM FREGIT.]

1. *Form and sufficiency of complaint.*—In trespass for injuries to land, it is not necessary that the complaint should allege that the land is situated in the county in which the action is brought: if it conforms substantially with the form given in the Code, (p. 555,) it is sufficient.

2. *Relevancy of evidence distinguished from sufficiency.*—In trespass *quare clausum fregit,* the evidence of a witness who testifies to a trespass committed by defendant on lands belonging to plaintiff, but cannot identify those lands as the lands described in the complaint, cannot be excluded from the jury on motion.

3. *Admissibility of party's own declarations.*—The declarations of a party, not constituting a part of the *res gestæ,* are not competent evidence in his favor.

APPEAL from the Circuit Court of Talladega.
Tried before the Hon. NAT. COOK.

THE complaint in this case was as follows:

"John C. Elliott ⎫ The plaintiff claims of the defendant
    *vs.* ⎬ five hundred dollars, as damages for
James A. Pike. ⎭ trespasses by defendant to .the close
situated on the following lands, to-wit—the south-east
quarter of section twenty-five, township seventeen, range
fourteen—which said close was in the possession of the
plaintiff; and for pulling down the fence around said
close, treading down the grass and corn of the plaintiff,
and with cattle eating up and destroying the said grass
and corn, then and there being in said close, to-wit, on
the — day of ——, 1859, and on divers other days between
that and the bringing of this suit."

The defendant demurred to the complaint, and assigned
the following causes of demurrer: "1st, that the close
mentioned in said complaint is not sufficiently described;
and, 2d, that the locality of the close is nowhere indicated
in the complaint." The court overruled the demurrer,
and the defendant then pleaded the general issue, "with
leave to give in evidence any special matter of defense."

"On the trial," as the bill of exceptions states, "the
plaintiff introduced as a witness one Rutledge, who tes-
tified, that he sold to the defendant, in the spring of the
year 1859, a piece of land containing eighty acres, the
numbers of which according to the government surveys
he did not know; that he had rented to the plaintiff,
some time before the said sale, fourteen acres of the said
land, which the plaintiff had planted in corn; that the
defendant took possession of the entire tract, except the
part which had been rented to the plaintiff; that the
defendant had a piece of corn in a stubble-field, in which
were growing grass and volunteer oats, under the same
fence that enclosed the field rented by plaintiff; that there
was no fence between the defendant's field and the plain-
tiff's corn, but they were separated by a creek, upon
whose banks were weeds, bushes and brambles, through

Pike v. Elliott.

which stock might well have passed, and which was crossed at one place by a road, and the crossing secured by a fence. The witness further testified, that he had seen defendant's horses in the stubble-field, on the side of the branch opposite to the plaintiff's corn-field; that plaintiff's corn was well planted, and his entire field, if well cultivated, would have produced fifteen bushels per acre, but his entire crop, after getting somewhat advanced, had been destroyed by stock; that the fence around the field containing plaintiff's corn was low and rotten, and stock could easily have jumped over it; and that he saw, during the summer, one place at which stock had jumped into the field. The defendant then moved the court to exclude the evidence of this witness from the jury, because he could not, and did not, state that the land of which he testified was the same as that described in the complaint. The court overruled the motion, and the defendant excepted.

" The plaintiff introduced evidence tending to show, that he had cultivated his corn well; that corn was worth fifty cents per bushel during that summer, and had risen to one dollar per bushel in the fall; that the plaintiff and defendant had a conversation, in which plaintiff told defendant, that a free negro who was living on defendant's place, and whom plaintiff had frequently seen about defendant's house, had turned horses into the stubble-field, and that he intended to whip him for it; that defendant replied, he had better not do that, as the negro had leave to turn them in. The defendant then introduced as a witness one Barry Rutledge, who testified, that he one day went to defendant's house after his father's oxen, and found them in defendant's lot, with poles tied across their heads, in front of their horns. Defendant asked said witness, what he (defendant) said about the oxen having poles on their heads. To this question the plaintiff objected, because it called for the defendant's declarations; the court sustained the objection, and the defendant excepted. The defendant then asked said witness, whether he (defendant) did not say he had tied the poles on the oxen to keep them out of the plaintiff's field.

The plaintiff objected to this question, and the court sustained the objection; to which the defendant excepted."

The overruling of the demurrer to the complaint, and the rulings of the court on the evidence, are now assigned as error.

TAUL BRADFORD, for appellant.

JAS. B. MARTIN, *contra*.

STONE, J.—It is objected to the complaint in this case, that it does not aver that the land on which the alleged trespass was committed is in Talladega county. We have compared the complaint with the form furnished by the Code, (page 555,) and find that it contains every material requisite expressed in the form. The form, like the present complaint, omits all mention of the venue, or *situs* of the *locus in quo*. The complaint, being a substantial copy of the form given in the Code, must, under our previous decisions, be held sufficient.—Noles v. The State, 24 Ala. 672; Letondal v. Huguenin, 26 *ib.* 552; Pickens v. Oliver, 29 *ib.* 528.

[2.] The defendant's motion to exclude the evidence of the plaintiff's witness, Rutledge, was rightly overruled. True, that evidence may not have been sufficient, of itself, to make out the plaintiff's case. There is a wide difference, however, between the relevancy and the sufficiency of evidence. The testimony tended proximately to prove certain material points in the plaintiff's right of recovery, and, for that reason, it was relevant. If, after the plaintiff had closed his evidence, it failed to make out his case, either by an entire omission of testimony to some indispensable fact, or in some other way, it was the privilege of the defendant to have the judgment of the court on such question. In this case, we are not informed what additional proof the plaintiff offered. The proof being relevant, the court did right in refusing to exclude it from the jury.—Bryant v. Hutcheson, 30 Ala. 441; Paulling v. Watson, 21 *ib.* 279.

[3.] To have admitted the testimony of Barry Rutledge, would have been to allow the defendant to give his own

·declarations in evidence. They were not admissible under the doctrine of *res gestæ*.

The judgment of the circuit court is affirmed.