# Elmore, *et al. v.* Fields.

## *Trespass Q. C. F.*

(Decided Nov. 28, 1907.　45 So. Rep. 66.)
(Rehearing denied Dec. 19, 1907.)

1. *Trespass; Action; Description of Land.*—In an action of trespass Q. C. F. the premises on which the alleged cutting was done need not be described by metes and bounds, or by government survey. If the description given is sufficiently certain as to the locus in quo to put defendant on notice of the same, it is sufficient.

[Elmore, et al. v. Fields.]

2. *Same.*—A description is sufficient to put defendant on notice of same, in an action for trespass Q. C. F., where the premises is described as a strip of timber land on the northern border of plaintiff's land in or adjacent to the N. E. ¼ of N. W. ¼, sec. 36, T. 19, R. 17E. in Elmore County, Alabama, and immediately south of the land formerly owned by one Thornhill and now owned by the state of Alabama.

3. *States; Torts of Officers; Defenses; Exercise of Authority.*—A state not being liable for torts committed by its agents, it is no defense to an action for trespass Q. C. F. that the warden of the state prison, who had the timber cut on lands supposed to belong to the state, was acting within the scope of his authority as an officer of the state.

4. *Same; Action; Pleading.*—In such a case, a plea setting up ownership and possession in the state of certain land in the vicinity of that set out in the complaint, on which it is alleged that trespass was committed, but which does not controvert plaintiff's title or possession to the land described in the complaint, is bad on demurrer.

5. *Same; Action Against the State.*—A mere averment in a plea, in answer to a complaint in trespass, which states that the trespass was committed by the warden of the state penitentiary, and that his act was committed on behalf of the state, does not make the suit one against the state, as an agent of the state is not authorized to act for the state in the commission of a tort.

APPEAL from Elmore Circuit Court.

Heard before Hon. A. H. ALSTON.

Action by Dennis Elmore and others against S. D. Fields. From a judgment for defendant, plaintiffs appeal. Reversed and remanded.

The second count in the complaint is as follows: "Plaintiff claims of the defendant the further sum of $2,000 as damages for trespass on a tract of land belonging to them in the county of Elmore and cutting therefrom a large number of trees, towit, 1,000; said trespass being committed during the month of August, 1902, and the land upon which it was committed being a strip of timber land on the northern border of plaintiff's land, in or adjacent to the N. E. ¼ of the N. W. ¼ of section 36, township 19, range 17 E., in the county of Elmore, and immediately south of the land formerly owned by one Thornhill, and now owned by the state of Alabama. And plaintiff avers, that said trespass was willful and

malicious." The defendant demurred to count 2 on the following grounds: "(1) Said complaint is uncertain, vague, and indefinite in the description of the land alleged in the same to have been trespassed upon. (2) Said complaint fails to show where the lands alleged to have been trespassed upon lie. (3) Said complaint fails to show the lands of what Thornhill are referred to, and where same lies. (4) Said complaint fails to show what land of the state of Alabama is referred to." These demurrers were sustained, and defendant filed the following pleas to counts 1 and 3: (1) The general issue. (2) That the defendant is not liable in damage for said act complained of, in that he is the agent, officer, superintendent, or employe of the state of Alabama, having in charge the State Penitentiary at Spigners, Ala. That said state penitentiary is a state institution established exclusively for public purposes, towit, the care and custody of convicts of the state of Alabama, and maintained and supported by direct appropriation of the state's moneys, having no stockholders, and not being maintained, organized, or operated for the pecuniary benefit of its board of inspectors or the supervisors or any other person. That said acts complained of were committed by said S. D. Fields while exercising the function, duties, and within the scope of his authority, as such employe, officer, superintendent, or agent of the state of Alabama. (6) That defendant is warden of prison No. 3, a prison owned and operated by the state of Alabama and situated at and around Spigners, Elmore county, Ala. That the defendant, warden of said prison, is, and was at the time of the acts complained of, the duly authorized agent of the state of Alabama to hold possession of, manage, and control the property of the state of Alabama, situated in and around Spigners, Elmore county, Ala., as above described and set forth.

That the plaintiff owned land adjoining that of the state of Alabama in the vicinity above mentioned. That the dividing line of the lands owned by the state of Alabama and plaintiff is the section line between sections 25 and 36, around Spigners, Ala. That the controversy between the plaintiff and defendant in fact depends upon the location of said section line between sections 25 and 36. That the defendant took possession of the lands belonging to the state of Alabama above mentioned up to the lines where the same had been previously located and marked by monuments used by the state of Alabama in locating and fixing the boundaries of its land. That he took possession of such land according to such boundaries, not in his individual capacity, nor in his own name and right, but in the name of the state of Alabama, as the lands were marked by the monuments used by the state of Alabama, and not beyond the lines so marked and defined. That, if plaintiff be permitted to maintain this suit, it will involve the title of the state of Alabama to the land it claims to own and was in possession of prior to the time the defendant took possession of the same in the name of the state of Alabama, and be, in effect, a suit against the state of Alabama. Wherefore, defendant says that plaintiff cannot maintain it. Plaintiff interposed the following demurrers to plea 2: "(1) The plea does not set up or show any law for or legal authority in the defendant, while acting as the agent, officer, superintendent, or employe of the state of Alabama, to do the things charged against him in the complaint. (2) The state does and can only authorize lawful acts on the part of her officers, agents, and employes, and the plea does not show the act of the defendant to have been lawful and other similar grounds." To plea 6 the following demurrers, in addition to those assigned to plea 2, which are also assigned to 6: "(1) The said

[Elmore, et al. v. Fields.]

plea does not show that any one had the right to locate the lines of the lands of the state so as to embrace lands of plaintiff. (2) It is no excuse to the defendant that he was a state officer in trespassing on plaintiff's lands. (3) That the state is not a party to this suit, and cannot be estopped by any judgment herein."

GUNTER & GUNTER, and H. C. GOLSON, for appellant. The description of the land was sufficiently definite and the court erred in sustaining demurrer to the count.—21 A. & E. Ency. of Law, 818; 68 N. C. 228; 3 McCord L. 84. The pleas were bad and the demurrers should have been sustained.—*State v. Hill*, 54 Ala. 57; *Erwin v. Davenport*, 9 Heisk. 56; *Brown v. Haardt*, 93 Cal. 321.

S. H. DENT, JR., for appellee. The principal question in this case raised by the pleading and the evidence is whether or not the suit is against the state, although brought against an agent of the state. The following authorities assert the proposition that it is a suit against the state.—*Haygood v. Southern*, 117 U. S. 52; *Smith v. Reeves*, 178 U. S. 436; *North Carolina v. Temple*, 134 U. S. 22; *Louisiana v. Jumel*, 107 U. S. 711; *Cunningham v. Macon, etc., R. R. Co.*, 109 U. S. 446; *Comer v. Bankhead*, 70 Ala. 493; *People v. Armbrecht*, 11 Abbott 97; *Belknapp v. Schield*, 161 U. S. 10; *International Postal Sup. Co. v. Bruce*, 191 U. S. 601.

ANDERSON, J.—In an action of trespass quare clausum fregit, the premises need not be described by metes and bounds, or by the government survey; but it should be sufficiently certain as to the locus in quo to put the defendant on notice of same, and the description should not be misleading.—*Bessemer Land Co. v. Jenkins*, 111 Ala. 135, 18 South. 565, 56 Am. St. Rep. 26;

*O'Neal v. Simonton,* 109 Ala. 167, 19 South. 412; *Pike v. Elliott,* 36 Ala. 69; 2 Chitty on Pl. 609; 21 Am. & Eng. Ency. of Pl. & Pr. 818. The trial court erred in sustaining the demurrer to the second count of the complaint.

The state does not undertake to guarantee to any person the fidelity of any of its officers or agents, since that would involve it in all its operations in endless embarrassment, difficulties, and losses, which would be subversive of public interest. Nor can it be held responsible for the torts of its officers or agents. "Although the individuals who have the administration of public affairs may commit very gross outrages, it is not congruous with the ideas of order and duty that the state, the august sovereign body whose servants they are, from which proceed all civil laws, and to which we owe unstinted respect and honor, should be held capable of doing wrongs for which she should be made answerable as for tortious injuries, in her own courts to her own children and subjects." It must stand to reason that no person can commit a wrong upon the property or person of another, and escape liability, upon the theory that he was acting for and in the name of the government which is immune from suit at the instance of one of her subjects.—*State v. Hill,* 54 Ala. 67; *Erwin v. Davenport,* 56 Tenn. 44; *Bourn v. Hart,* 93 Cal. 321, 28 Pac. 951, 15 L. R. A. 431, 27 Am. St. Rep. 203; *U. S. v. Lee,* 106 U. S. 196, 1 Sup. Ct. 240, 27 L. Ed. 171; *Tindall v. Wesley,* 167 U. S. 204, 17 Sup. Ct. 770, 42 L. Ed. 137; *Gibbons v. U. S.,* 8 Wall. (U. S.) 269, 19 L. Ed. 453. The second plea sets up, in substance, that the defendant was acting for and in behalf of the state, and in no sense showed that the state was being sued, or that he had authority to commit a tort in the name of and behalf of the state, and in no wise set up a legal defense to the action. The

[Elmore, et al. v. Fields.]

sixth plea is substantially the same as the second, except it sets up ownership and possession of the state to certain land in the vicinity of that set out in the complaint, but in no way controverts the plaintiff's title or possession to said land. The trial court erred in over-ruling plaintiff's demurrers to pleas 2 and 6.

The case of *Comer v. Bankhead,* 70 Ala. 493, has no bearing on the case at bar, and does not conflict with the present holding or the authorities cited in this opinion. There ,a bill was filed to enforce a contract, made under legislative authority for the state and in her name, and the court properluy held it was the state's and not Bankhead's contract. Here, we have an agent charged with a tort, setting up by plea that he was acting for and in behalf of the state, and the authorities hold that he has no authority to act for the stae in the commission of a tort. If she is not responsible for the torts of her servants, and they have no authority to bind her for their torts, then a mere averment that they were committed in her behalf does not render the suit one against the state. The state can do no wrong. Neither can her servants do a wrong for it or in its name, so as to make it a party to a suit against them.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.