## Meads et ux. v. Rutter

Ralph F. Fisher, for plaintiffs.

George Hay Kain, Jr., and George Hay Kain, for defendant.

SHERWOOD, J., June 8, 1934.—This matter is before the court on an affidavit of defense raising questions of law. The action is one of trespass and is instituted to recover damages for an alleged tort committed by Mark Rutter, who at the time of the commission of the tort was an employe, servant, and agent of the Secretary of Highways of the Commonwealth of Pennsylvania. Defendant contends that the suit is in reality against the Commonwealth of Pennsylvania and, as the State has immunity from suit without its consent, action is not maintainable against defendant as an individual. With this contention we do not agree.

In 25 R. C. L. 407, 408, sec. 43, it is stated, "The rule is well established that a state is not liable for the negligence or misfeasance of its officers or agents, except when such liability is voluntarily assumed by its legislature. The doctrine of respondeat superior does not prevail against the sovereign in the necessary employment of public agents. . . . Where wrongs are done to individuals by those who are the servants of the government, those injured are not remediless, as such persons may be sued as may be other citizens for the torts which they commit": Elmore et al. v. Fields, 153 Ala. 345; Ex parte Martin, 13 Ark. 198; Murdock Parlor Grate Co. v. Commonwealth, 152 Mass. 28; Robinson v. Chamberlain, 34 N. Y. 389.

In 59 C. J. 146, sec. 228, the rule is stated: "The immunity of the state does not extend to its officers and as a general rule state officers and agents are per-

sonally liable in tort for unauthorized acts committed by them in the performance of official duties."

In the Federal courts the Eleventh Amendment limits the jurisdiction only in respect of those cases in which the State is a real party in interest: Old Colony Trust Co. v. City of Seattle et al., 271 U. S. 426; Hopkins v. Clemson Agricultural College, 221 U. S. 636; Lincoln County v. Luning, 133 U. S. 529; In re Ayers, 123 U. S. 443. It does not limit the jurisdiction over suits against State officers or agents. See cases cited in case of Cargile et al. v. New York Trust Co., 67 F. (2d.) 585, 587. The mere fact, therefore, that defendants are officers or agents of the State does not in itself place them beyond the reach of cers or agents of the State does not in itself place them beyond the reach of equitable power. Immunity from suit is an attribute of sovereignty which cannot be invoked by public officers when sued for their own wrongful acts, even though such acts might be committed under color of an unconstitutional statute. Individual officers of a State do not constitute a privileged class but are amenable to the law, and they cannot interpose the shield of the Eleventh Amendment. If, however, the officer is merely a nominal defendant and the State is the real party, then the suit is in substance one against the State and cannot be maintained: Carolina Glass Co. v. State of South Carolina, 240 U. S. 305; Hopkins v. Clemson Agricultural College of South Carolina, 221 U. S. 636. We fail to see how a suit against a mere servant or employe of the State Highway Commission of the Commonwealth of Pennsylvania, for an alleged tortious act committed by him, in any way makes or constitutes the Commonwealth of Pennsylvania a real party in interest.

In our own appellate courts, in the case of Elliott v. The City of Philadelphia, 75 Pa. 347, an opinion by Judge Thayer, which was affirmed by the Supreme Court, it was held that the municipality was not responsible for the negligence of its police officer, but Judge Thayer says in his opinion, " 'The officers of the city are quasi civil officers of the government, although appointed by the corporation. They are personally liable for their malfeasance or nonfeasance in office, but for neither is the corporation responsible. The corporation appoints them to office, but does not in that act sanction their official delinquencies or render itself liable for their official misconduct': . . ."

Again, in the case of Isett v. Meehan, 232 Pa. 504, a proceeding against the Fish Commissioner of the Commonwealth of Pennsylvania, while the proceeding was against the Fish Commissioner in his official capacity, it was not to enjoin him from discharging any official duty imposed upon him by statute, but was to prevent his performing what is to be regarded as a merely ministerial duty under the general powers and discretion conferred upon him and, if in doing so he defied a covenant between the State and appellee, he could not shield himself under the plea that the State was being sued. Applying the principles enunciated in the decisions above, we conclude that a mere servant or employe of the Highway Commission of the State of Pennsylvania is liable to respond in damages in his individual capacity for the tort committed by him.

And now, to wit, June 8, 1934, the affidavit of defense raising questions of law is decided against the defendant, and an exception is granted to defendant to the action of the court in this regard, with leave to file a supplemental affidavit of defense, if he so desires, within 15 days.