I vote to affirm the summary judgment for the defendants on the plaintiffs' claim that the defendants were negligent in allowing the placement, installation, or erection of the railroad crossing signal and the rails that protected the signal, as I did when we released our original opinion. However, I dissent as to the other claim.
If four other members of this Court will join me, I will vote to grant absolute immunity to state employees for nonfeasance of their duties as state employees. "Nonfeasance" is defined inBlack's Law Dictionary, 1054 (6th ed. 1991), as "[n]onperformance of some act which [a] person is obligated or has responsibility to perform; omission to perform a required duty at all; or, total neglect of duty." However, that is not what the majority of this Court does. The majority of this Court does not even overrule that portion of Finnell v. Pitts,222 Ala. 290, 132 So. 2 (1930), quoted in the majority opinion, which the Court overruled in the original opinion in this case. I would overrule Finnell v. Pitts and Elmore v. Fields,153 Ala. 345, 45 So. 66 (1907), the case upon which this Court relied in Finnell.
I do not understand the majority's discretionary function immunity analysis. For example, what do the following factors, set out by the majority, have to do with whether there is a discretionary function:
 "Could the injured party have avoided the injury by his own action? Could he have insured against it?"
Is the majority suggesting that the trial court must determine, as a matter of law, whether the plaintiff was contributorily negligent or could have obtained hospital, disability, or life insurance to insure against the accident in determining, as a matter of law, whether the defendants were immune from liability for their negligence because of some discretionary function immunity? Consider this factor:
 "The availability to the injured party of other remedies and other forms of relief."
Is the majority suggesting that the trial court must determine, as a matter of law, the liability of other defendants who are not state employees in determining whether the state employee defendants, as a matter of law, were immune from liability for their negligence because of some discretionary function immunity?
These are some of my concerns.
This case is an appeal from a summary judgment. Therefore, we know what our standard of review must be. Reviewing the evidence in the light most favorable to the plaintiffs, the nonmoving parties, I conclude that the evidence shows that for *Page 835 
years before the accident made the basis of this suit the defendants knew that non-breakaway rails surrounded the railroad signal where this accident occurred. It was mandatory for the protection of motorists that the signal support be of a suitable breakaway or yielding design. This was known to the defendants. The defendants did not remove these rails or have them removed. There was no evidence that the failure to do this was caused by a lack of money or manpower. There was no evidence that the removal of these rails had been scheduled but assigned a low priority because of a lack of money or manpower. Clearly, the defendants had the right to remove the rails and had the means of removing them; this is apparent, because they were removed the day after the accident made the basis of this suit. With these facts before it, the majority of this Court holds that these defendants were entitled to discretionary immunity as a matter of law.
Where is the discretion? I asked this question numerous times during oral argument. I was not given a satisfactory answer then. I have not been given a satisfactory answer by the majority opinion or by Justice Almon's special concurrence.
Where is the discretion?
INGRAM, J., concurs.