LYONS, Justice
(concurring in the result).
The complaint, as initially filed, contained two counts. Count one sought to enjoin the defendants from discriminating against the plaintiffs on the basis of age, as well as backpay, plus costs and reasonable attorney fees, pursuant to § 25-1-22, Ala. Code 1975. Count two sought damages for a denial of equal protection under the Alabama Constitution of 1901. An amended complaint added count three, seeking damages for intentional and willful misrepresentation of material facts and bad faith, and count four, seeking damages for action by Dr. Gaines Smith allegedly in excess of his authority.
The defendants moved for a summary judgment based upon 1) sovereign immunity, 2) the unavailability of relief against the State officials in their individual capacities on the age-discrimination claim because neither individual is the employer of the plaintiffs, 8) the absence of any provision for equal protection of the laws under the Alabama Constitution of 1901, and 4) failure of the fraud and bad-faith count (count three) to state a claim upon which relief can be granted. After receiving briefs and hearing arguments, the trial court entered what is best described as an oblique order that, among other things, stated: “[T]he remaining issue before the Court was whether or not Dr. Gaines Smith should be granted immunity.” The trial court concluded that there was a genuine issue of material fact as to whether Dr. Smith had acted beyond his authority, justifying imposing individual liability under the exception recognized in Ex parte Cranman, 792 So.2d 392 (Ala.2000), for conduct beyond a State agent’s authority. Specifically, the trial court concluded that there was a genuine issue of material fact as to whether Dr. Smith “exceeded his authority by misstating his actual authority.” The trial court found that “the Defendants’ motion for summary judgment is due to be denied on this ground.” (Emphasis added.) The trial court then concluded: “In our case at bar, the issue of sovereign immunity does not need to be addressed prior to further litigation, and the case may go forward with a. discussion of the issue of immunity during the course of the bench trial.” In conclusion, the trial court stated: “[Sjince all issues will be heard in a bench trial, making a determination as to sovereign immunity can best be decided by hearing all of the testimony regarding the subject instead of bifurcating the issues.” (Emphasis added.)
The trial court did not specifically refer to the necessity of further proceedings *490 with respect to the merits of the age-discrimination claim, the equal-protection claim, or the fraud and bad-faith count. The propriety of summary judgment as to the merits of those claims or, indeed, whether the trial court indirectly disposed of them by failing to refer to them, is not before us on this proceeding, which is limited solely to the availability of the defense of immunity.
Evidence as to the personal liability of Dr. Smith by reason of his action in excess of his authority is the sole basis for the trial court’s recognition of the existence of a genuine issue of material fact as to the availability to Dr. Smith of the defense of State-agent immunity. Only count four of the amended complaint refers to action in excess of authority. However, the trial court’s reference to Dr. Smith’s “misstating his actual authority” could also be relevant to count three of the complaint, charging fraud and bad faith. Thus, the trial court’s order can be said to sweep in favor of triable issues as to the availability of State-agent immunity as to both counts three and four. Whether the trial court’s order should also be correctly interpreted as recognizing or rejecting triable' issues as to immunity with respect to counts one (age discrimination) and two (equal protection) simply cannot be determined at this juncture. I am not willing to address an issue that mere speculation might suggest is properly before us. Thus, the sole issue before this Court at this stage of the proceeding coming to us by a petition for a writ of mandamus seeking enforcement of the defense of immunity is whether the trial court erred in not entering a summary judgment in favor of the defendants as to counts three and four of the amended complaint.
The controversy centers around Dr. Smith’s having described his authority in a letter to the plaintiffs in terms that erroneously attributed to him greater authority than he in fact possessed. We recognize an exception to State-agent immunity “when the State agent acts willfully, maliciously, fraudulently, in bad faith, beyond his or her authority, or under a mistaken interpretation of the law.” See Ex parte Cranman, 792 So.2d at 405. The plaintiffs argue before us that they are entitled to the exception from immunity described as “a mistaken interpretation of the law.” Respondents’ brief, p. 14. However, count four of the complaint does not allege a mistaken interpretation of the law; instead, as previously noted, it charges that Dr. Smith acted beyond his authority. Confining review to that issue, in Finnell v. Pitts, 222 Ala. 290, 293, 132 So. 2, 4 (1930), this Court stated: “If in the promotion of the state’s business its officers without authority of law apply private property to the state’s enterprises, they are guilty of the same nature of wrong, as if they were acting as agents of a private corporation.” We lose the sense of the exception if we take it beyond the context of intentional conduct, such as the taking of property as was the case in Pitts, one of the early cases in which it was recognized. See also Elmore v. Fields, 153 Ala. 345, 351, 45 So. 66, 67 (1907) (“Here, we have an agent charged with a tort [trespass], setting up by plea that he was acting for and in behalf of the state, and the authorities hold that he has no authority to act for the state in the commission of a tort.”). The foundation of the trial court’s denial of immunity — the inaccurate description of Dr. Smith’s authority — does not in and of itself constitute a freestanding intentional tort to which the exception from immunity based on action beyond a State agent’s authority can apply.
With respect to the allegation of fraud in count three of the amended complaint, I agree with the conclusion in the main opinion that an innocent misrepresentation *491 does not fall within an exception to State-agent immunity. Therefore, the petition for a writ of mandamus can be denied if a question of fact exists as to whether Dr. Smith acted willfully in misstating his authority. The petitioners (the defendants in the trial court) did not provide a complete record of the responses filed by the plaintiffs in opposition to their summary-judgment motion. In Ex parte Covington Pike Dodge, Inc., 904 So.2d 226, 232 n. 2 (Ala.2004), this Court explained the role of the parties in assembling a record in a mandamus proceeding:
“The materials reviewed by this Court in considering a petition for writ of mandamus consist of exhibits provided by the parties:
“ ‘[A] petitioner for a writ of mandamus is obliged to provide with the petition “copies of any order or opinion or parts of the record that would be essential to an understanding of the matters set forth in the petition.” Rule 21(a), Ala. R.App. P. In the event the petition is not denied, the respondent is directed to file an answer to the petition, which provides the respondent with an “opportunity to supplement the ‘record’ by attaching exhibits of its own....” ’
“Ex parte Fontaine Trailer Co., 854 So.2d 71, 74 (Ala.2003) (quoting Ex parte Miltope Corp., 522 So.2d 272, 273 (Ala.1988)).”
In their answer to the petition the plaintiffs attach numerous affidavits and documents as exhibits, but they fail to attach any responses to the summary-judgment motion. Of course, such responses do exist, as some of the materials attached to the petition respond to them. The plaintiffs do not argue in their brief in opposition to the petition that there is a genuine issue of material fact as to a state of mind consistent with intentional misrepresentations on the part of Dr. Smith. Nothing in the trial court’s order suggests the existence of a genuine issue of material fact as to Dr. Smith’s state of mind.
I would grant the petition and order the trial court to hold further proceedings, before holding any bench trial, with respect to the defendants’ motion for a summary judgment, with such proceedings to culminate in an order either entering or denying a summary judgment as to each count of the complaint and with such further proceedings to be governed by the conclusions expressed herein with respect to the absence of any impediment to State-agent immunity arising from Dr. Smith’s having exceeded his authority or misstated his authority.