MURDOCK, Justice
(concurring in part and dissenting in part).
Adopting the analysis provided by Ex parte Cranman, 792 So.2d 392 (Ala.2000), this Court in Ex parte Butts, 775 So.2d 173 (Ala.2000), held that a State employee sued in his or her individual capacity for tortious wrongdoing enjoys State-agent immunity from liability if the wrongdoing occurs while the employee is performing certain types of activities previously categorized as “discretionary functions.” In addition, consistent with the pre-Cranman *766 recognition of immunity for so-called “ministerial duties,” Cranman and Butts recognized the availability of State-agent immunity for tortious conduct committed by an employee while “ ‘discharging duties imposed on a department or agency by statute, rule, or regulation, insofar as the statute, rule, or regulation prescribes the manner for performing the duties and the State agent performs the duties in that manner.’ ” Butts, 775 So.2d at 178 (quoting Cranman, 792 So.2d at 405). I do not think that the converse of the latter rule is part of our immunity law. That is, when an employee does not do everything in complete accordance with an applicable regulation or other directive, I do not believe the “beyond authority” exception recognized in Butts necessarily strips the employee of any State-agent immunity he or she would otherwise have.
Specifically, from the perspective of the how the law views the employee’s relationship to the injured party, I do not believe that the failure of an employee to follow every applicable regulation or every instruction given to the employee by a supervisor necessarily means that the employee, for purposes of a State-agent-immunity analysis, has acted beyond the authority otherwise given to him or her by law. In a given case, it may be that the employee has acted in bad faith in not following an applicable directive (and as a result falls within the bad-faith exception to State-agent immunity) or perhaps has acted wantonly (though Alabama has not recognized an exception to State-agent immunity for wanton conduct). I am concerned, however, that we are moving to a place in our law in which we consider any violation of any regulation and any violation of a memorandum of instruction (or for that matter even an oral instruction) from a supervisor to deprive an employee of otherwise applicable State-agent immunity on the ground that he or she is acting “beyond his or her authority.”
Obviously, in one sense, no State employee is “authorized” to violate any applicable regulation, federal or state, or to disregard appropriate instructions from a supervisor. Must we not be circumspect, however, in concluding that merely because an employee fails to follow a requirement of a regulation or all the instructions given to him or her in a memorandum from a supervisor, the employee, insofar as a third party is concerned, has acted beyond his or her authority as an official or employee of the agency or department involved? If that is the sense in which we are to address the matter, then would we not be obliged to say that an employee told by his or her supervisor always to refrain from any tortious conduct vis-á-vis third parties will be acting beyond the employee’s authority whenever he or she does otherwise? Indeed, a directive from a supervisor to this effect would not even be necessary because, in this sense, an employee never has the authority to act tor-tiously toward others.
My point is this: I fear that the manner in which this Court has begun to apply the “beyond authority” exception to State-agent immunity does not allow for the drawing on a principled basis of a line that prevents this exception (which increasingly is the subject of our State-agent-immunity cases) from becoming an exception that swallows the rule.
This Court has in the past often looked to the Restatement (Second) of Torts § 895D (1979) for guidance in this area. See Bell v. Chisom, 421 So.2d 1239, 1240(Ala.1982). The Restatement, as it now reads and as it has read for over 30 years, provides the following insight as to what is meant when we speak of an employee acting beyond his or her authority:
“An immunity protects an officer only to the extent that he is acting in the gener *767 al scope of his official authority. When he goes entirely beyond it and does an act that is not permitted at all by that duty, he is not acting in his capacity as a public officer or employee and he has no more immunity than a private citizen. It is as if a police officer of one state makes an arrest in another state where he has no authority.”
Restatement (Second) of Torts § 895D cmt. g (emphasis added). In other words, the concept of a State employee acting beyond his or her authority corresponds with the concept of an employee acting outside the line and scope of his or her employment.[12] It has never been a concept intended to address every situation in which a State employee, while acting within the general line and scope of his or her employment, nonetheless violates some federal or state regulation, instructions from his or her supervisor, or, taken to its logical conclusion, Alabama law prohibiting negligent conduct.
In Cranman and Butts this Court recognized and endorsed the decision in DeStafney v. University of Alabama, 413 So.2d 391 (Ala.1981), to no longer have an “open door to lawsuits against State employees,” “even when [the] conduct [complained of] is committed in the line and scope of ... employment.” Cranman, 792 So.2d at 402 (emphasis added). As Cranman recognized, it was to this end that the Court in DeStafney “adopted a rule of qualified immunity derived from ... § 895D” and thereby “partially closed the door that had been opened in Elmore [v. Fields, 153 Ala. 345, 351, 45 So. 66, 67 (1907)]” to lawsuits under such circumstances. Cranman, 792 So.2d at 402. In Cranman and Butts, this Court reaffirmed the decision to keep that door partially closed, even as those cases “restated” the rule governing State-agent immunity. Cranman, 792 So.2d at 405. In so doing, this Court rejected the rationale from the 1907 case of Elmore that “because the State can do no wrong, its agents, when committing a tort, are not acting within their authority and, therefore, they do not act on behalf of the State.” Cranman, 792 So.2d at 400 (citing Elmore, 153 Ala. at 351, 45 So. at 67). I am concerned that the manner in which recent cases have applied the “beyond authority” exception to State-agent immunity represents steps back toward Elmore.
We are not asked in this case to decide into which, if any, of the so-called Cranman categories of immunity the investigatory duties of Laci Watson and Erica Jackson fell nor whether any other exception to State-agent immunity is applicable. The only question presented here is whether the “beyond authority” exception is applicable. Accordingly, I respectfully dissent with respect to the main opinion’s denial of the petition for the writ of mandamus as it relates to Watson and Jackson; otherwise I concur.

. The "beyond authority" concept appears to have been borrowed from the law of respon-deat superior, and its import and field of operation for purposes of immunity law arguably are guided accordingly. As explained in Cranman and countless other immunity cases decided by this Court, the whole object of our attempt to articulate standards and exceptions in this area is to explain under what circumstances judicial interference with or sanction of an employee's conduct is tantamount to interference with or sanction of conduct of the State itself. Just as the concept of line and scope of employment describes the circumstance in which an employee’s conduct is treated as the conduct of the employer for purposes of tort law generally, it helps describe those situations in which a State employee cannot be considered as acting "beyond his or her authority” for purposes of this exception to State-agent immunity-