D. W. BAIN, and wife and others v. THE STATE OF NORTH CAROLINA.

### *Claim against the State.*

1. The original jurisdiction conferred upon this court by article four, section nine, of the constitution, is for the benefit only of such plaintiffs, and to be used only in such cases, as cannot otherwise obtain a footing in court by reason of the state's being a party.

2. The claim against the state must be such as, against any other defendant, could be reduced to judgment and enforced by execution.

3. An agent of the state is liable to an action of trespass committed in his capacity as such.

4. The Insane Asylum of North Carolina is a body corporate with capacity to sue and be sued.

CLAIM AGAINST THE STATE, heard at February Term, 1882, of THE SUPREME COURT.

*Messrs. Gray & Stamps, Batchelor, Wilson* and *Strong,* for plaintiffs.
*Attorney General,* for the State.

RUFFIN, J. This action begun in this court under article four, section nine, of the amended constitution.

In their complaint the plaintiffs allege title in themselves to one fourth part of the lands used and occupied by "The Insane Asylum of North Carolina," and their prayer is, that this court will cause the facts connected with their title to be ascertained and reported to the general assembly of the state, with a recommendation that the state shall purchase their several interests in the lands and make compensation to them for its use and occupation.

The Attorney General appearing for the state at first interposed a demurrer, but at this term moved to dismiss the action upon the ground of a want of jurisdiction in this court to entertain it.

4

Several reasons occur to us why this motion to dismiss should be allowed, but it is only necessary to state a prominent one.

The original jurisdiction, the exercise of which the plaintiffs invoke, was conferred upon this court for the benefit only of such plaintiffs, and to be used only in such cases, as could not otherwise obtain a footing in the courts, by reason of the state's being the party against whom the claims were to be asserted. If, by the ordinary process of the law issuing from a court of ordinarily competent jurisdiction, a plaintiff can constitute his case regularly in court, as against a defendant interested in the subject matter of the action, and under a judgment against whom complete relief can be had, then the case falls neither within the spirit of the constitution, nor the mischief which it was intended to remedy.

In the case in hand, " The Insane Asylum of North Carolina " is a body corporate—so expressly declared to be, and invested with all the title to the lands mentioned in the complaint, which was ever acquired by the state. See act of 1868-'69, ch. 67. It is too, in express terms, endued with a capacity to sue and be sued, and is in the actual possession of the premises ; so that as against it, the plaintiffs can have full and adequate relief afforded them for every injury complained of, in the superior court of Wake county, where the land lies, and there is no necessity for resorting to the exceptional jurisdiction of this court, which at best is poorly provided with facilities for the trial of the facts of any cause.

As to the objection urged that inasmuch as the state, the real party in interest, could not be brought before the superior court, so neither should her agent, the Asylum, be permitted to be sued there, as that would be, in effect, to sue the state, and to do indirectly what could not be done directly, we need only to refer to the opinion delivered by Chief Justice MARSHALL, in *Osborn* v. *Bank*, 6 Curtis, 251. The very point was there discussed, and it was held after

much consideration that the action could be maintained against the agent, and he be held to answer for trespasses committed in his capacity as such.

To this may be added, even if the question of jurisdiction were out of the plaintiffs' way, there is no authority resting in this court to make any such recommendation to the legislature as that suggested in the complaint.

It is our duty, when a case is properly constituted before us, simply to declare the legal rights of the party presenting a claim against the state; and it must be just such a claim as, against any other defendant, could be reduced to a judgment and enforced by execution. As to the propriety of purchasing the interests of the plaintiffs in the land: that is a matter falling peculiarly within the province of the general assembly, and any suggestion from us in regard to it might seem officious.

The motion to dismiss the action is allowed.

PER CURIAM.                              Dismissed.