# LOUISIANA, *ex rel.* THE NEW YORK GUARANTY AND INDEMNITY COMPANY, *v.* STEELE.

ERROR TO THE SUPREME COURT OF THE STATE OF LOUISIANA.

No. 140. Argued January 23, 1890. — Decided March 10, 1890.

The auditor of the State of Louisiana was sued in his official capacity, in order to compel him, in that capacity, to act to raise a tax, authorized by a former law, but contrary to subsequent legislation, and to the present laws of the State; *Held*, it was a suit against the State.

THE case is stated in the opinion.

*Mr. William Allen Butler* and *Mr. W. W. Howe* for plaintiff in error.

*Mr. B. J. Sage* and *Mr. Alexander Porter Morse* for defendant in error. *Mr. W. H. Rogers*, Attorney General of Louisiana, filed a brief for the same.

MR. JUSTICE BRADLEY delivered the opinion of the court.

This case arose upon a petition filed in the Civil District Court for the Parish of Orleans in February, 1884, by The New York Guaranty and Indemnity Company, a corporation of New York, as relators, in the name of the State of Louisiana, for a mandamus to compel Allen Jumel, the auditor of public accounts of the State, to proceed under a certain act of the legislature, passed March 8, 1869, to require the several sheriffs throughout the State to levy a tax sufficient to pay the interest due on the state bonds authorized to be issued by said act in aid of the Mississippi and Mexican Gulf Ship Canal Company. Jumel having been succeeded in office by Oliver B. Steele, the latter, on application of the relators, was substituted as defendant by order of the court. Steele, in answer to the petition, set up, amongst other things, that taxation is an act of sovereignty which can only be performed by the legislative department of the government; that by the present

constitution and laws of Louisiana, the defendant, as auditor, has no power to raise said tax; that the act of 1869, referred to, has been repealed by an act No. 3, passed in 1874; and that by another act, No. 55, of 1874, the respondent and all other officers of the State are prohibited from complying with the mandamus, and deprived of all power and authority to assess, collect, or enforce the payment of the tax asked for by the relator, and the court is prohibited from entertaining jurisdiction of the suit.

The 7th section of the act of 1869, which the relators seek to have executed, is as follows:

"SEC. 7. *Be it further enacted, etc.* That in order to provide a fund for the semi-annual payment of interest upon the bonds issued in accordance with this act, and the final redemption of said bonds, should the Mississippi and Mexican Gulf Ship Canal Company fail to meet the obligations set forth in the fourth and sixth sections of this act, when the deficit in interest to the year 1879 (one thousand eight hundred and seventy-nine), or the deficit and the annual instalment of thirty thousand dollars ($30,000) from that date to the final redemption of said bonds, shall have reached the sum of one hundred thousand dollars ($100,000), and as often thereafter as the said deficit shall have reached that sum, the auditor is hereby directed to determine, by accurate calculation, what rate of taxation on the total assessed value of all movable and immovable property in the State will be sufficient for the purpose of paying said deficit in interest or annual instalments, or both, and it shall also be his duty to notify the several sheriffs and tax collectors of the rate of taxation as ascertained and fixed for the purpose aforesaid; and said tax, as ascertained and fixed, is hereby levied upon all the movable and immovable property that may be assessed in this State; and it shall be the duty of the several sheriffs and tax collectors to collect said tax, and the collection of the same shall be enforced as the law provides, or may hereafter provide, for the collection of taxes."

There is no question but that, by constitutional and legislative enactment of the State of Louisiana, the above provisions

of the act of 1869 have been repealed and abrogated; and that, as set forth in the answer, the auditor has no longer, under the state laws, any power to execute them. The contention of the relators is, that the repealing acts, and all acts abrogating the provision made by the act of 1869 in favor of the bondholders, are unconstitutional and void, as impairing the obligation of the contract. Conceding this to be true, the objection still remains that this is virtually a suit against the State. The auditor is sued in his official capacity, and it is sought to compel him to act in that capacity in order to raise the tax in question, contrary to subsequent legislation and the present laws of the State. The case is clearly within the principle of the decisions in *Louisiana* v. *Jumel*, 107 U. S. 711; *Cunningham* v. *Macon & Brunswick Railroad Co.*, 109 U. S. 446; *Hagood* v. *Southern*, 117 U. S. 52; *In re Ayers*, 123 U. S. 443; and *North Carolina* v. *Temple*, just decided, *ante*, 22.

The judgment of the Supreme Court of Louisiana is

*Affirmed.*

MR. JUSTICE HARLAN dissented.