## STATE NOT ANSWERABLE FOR INJURIES SUSTAINED AT THE HANDS OF ITS OFFICERS.

Circuit Court of Cuyahoga County.

ELLEN HUNT v. STATE OF OHIO.*

Decided, May 22, 1912.

*Damages for Incarceration in Hospital for Insane—Action Against State Can Not be Maintained.*

1. The state is not answerable in damages to an individual for an injury resulting from misconduct or unauthorized exercise of power by its officers and agents in governmental matters.

2. Notwithstanding an enabling act authorizing the suit to be brought, a petition asking damages for the alleged wrongful act of a probate judge in adjudging the plaintiff insane and for acts of violence and other forms of mistreatment claimed to have been inflicted upon her by the officers and employees of a state hospital where she was committed, does not state a cause of action.

NIMAN, J.; WINCH, J., and MARVIN, J., concur.

On the 17th day of May, 1911, the Legislature passed an act, entitled, "An act for leave to sue the state of Ohio, to adjudicate a claim of Miss Ellen Hunt," and which was in the following language:

"WHEREAS, one Ellen Hunt, of Cleveland, Ohio, was hereinbefore, to-wit, on the 2d day of September, 1897, adjudged insane and committed to the Cleveland State Hospital for the insane; and

"WHEREAS, said Ellen Hunt claims said adjudication and said commitment were illegal; and

"WHEREAS, said Ellen Hunt claims to have suffered great damage, thereby; now therefore,

"*Be it Enacted by the General Assembly of the State of Ohio*:

"Section 1. That the said Ellen Hunt be and she is hereby permitted and empowered to commence an action in the Court of Common Pleas of Cuyahoga County against the state of Ohio, that the said claim as hereinbefore set forth may be properly determined; service of process shall be made upon the attorney-.

---

*...med without opinion, *Hunt v. State*, 88 Ohio State, 599.

general who shall represent the state in this action. Should the said Ellen Hunt recover judgment in said action, then in that event the Auditor of State is authorized and directed to issue a warrant for the amount of such recovery and costs in favor of said Ellen Hunt.''

After this act was passed, Ellen Hunt brought suit in the court of common pleas against the state of Ohio, and in her amended petition sought to recover damages for the alleged wrongful act of the probate judge of Cuyahoga county in adjudging her insane, and for acts of violence and other forms of mistreatment claimed to have been inflicted upon her by the officers and employees of the Cleveland State Hospital where she was committed.

A demurrer to the amended petition was filed by the state on the ground that it did not state facts sufficient to constitute a cause of action against the defendant in favor of the plaintiff.

The demurrer was sustained, and the plaintiff not desiring to amend or further plead, judgment was entered thereon against her. This proceeding in error is prosecuted to reverse the said judgment.

The act in question attempted to create no cause of action. Reference to the preamble shows that the Legislature merely recognized that the plaintiff in error claimed to have been illegally adjudged insane and committed to the state hospital for the insane, and to have suffered great damage thereby. The bar that stood in the way of her suing the state was removed, in order that her claim might be determined. The validity of her claim was in no way recognized or approved. This was left to be dealt with by the courts, and determined by reference to established legal principles.

The principle of law that the state is not answerable in damages to an individual for an injury resulting from misconduct or unauthorized exercise of power by its officers and agents in governmental matters, is universally established. The rule and the reason therefor are stated by Story, in his work on Agency (9th Ed.), Section 319, in this language:

"It is plain that the government itself is not responsible for the misfeasance, or wrongs, or negligences, or omissions of duty of the subordinate officers or agents employed in the public service, for it does not undertake to guarantee to any persons the fidelity of any of the officers or agents whom it employs; since that would involve it in all its operations, in endless embarrassments and difficulties, and losses, which would be subversive of the public interests."

See also, *Lewis* v. *State*, 96 N. Y., 71; *Bain* v. *State*, 86 N. C., 49; *College, etc.*, v. *Cleveland*, 12 O. S., 375; *Cincinnati* v. *Cameron*, 33 O. S., 336; *Robinson* v. *Greenville*, 42 O. S., 625.

Under this principle of law, the amended petition of the plaintiff in the court below stated no cause of action against the defendant, the state of Ohio, and the demurrer was properly sustained.

---

### ACTION ON COGNOVIT NOTE ONCE IN JUDGMENT.