## AMERICAN BRAKE SHOE & FOUNDRY CO. v. INTERBOROUGH RAPID TRANSIT CO.

District Court, S. D. New York.
June 4, 1935.

See, also, 10 F. Supp. 512; 76 F.(2d) 1002.

Miller, Boston & Owen, of New York City (Carl M. Owen and Mark F. Hughes, both of New York City, of counsel), for receiver.

John J. Curtin, of New York City (John J. Curtin and Winfield S. Palmer, both of New York City, of counsel), Sp. Counsel for Transit Commission.

MACK, Circuit Judge.

This application prays for a permanent injunction against the city of New York, acting by the Transit Commission, restraining the further prosecution of an action heretofore commenced in the New York Supreme Court against the Interborough Company and its receiver for a declaratory judgment to determine the obligations of the company under contract 3 and related certificates. The briefs submitted on behalf of the Transit Commission are for the most part a reargument of the questions decided by this court on January 18, 1935, when it denied the applications of the city, acting separately by the Transit Commission and by its corporation counsel, for leave to bring just such a suit as this in the state courts. 10 F. Supp. 512. The order entered on

the application of the city, acting by its corporation counsel, was affirmed by the Circuit Court of Appeals on April 1, 1935, 76 F.(2d) 1002, and certiorari was denied June 3, 1935, City of New York v. Murray, 55 S. Ct. 923, 79 L. Ed. ——; no appeal was taken from the order on the city's application, acting by the Transit Commission. The court having, in the exercise of its discretionary powers, denied leave to bring the suit, necessarily determined that there was no absolute right so to sue; otherwise, the denial would have been an abuse of discretion. On careful reconsideration, I am still of the opinion then expressed. It follows, therefore, that the prosecution of such a suit, when brought during the pendency of this receivership proceeding without leave of this court, must be enjoined.