## MURRAY v. TRANSIT COMMISSION.

District Court, S. D. New York.
June 4, 1935.

See, also, American Brake Shoe & Foundry Co. v. Interborough Rapid Trans-

it Co., 10 F. Supp. 512; Id., 11 F. Supp. 26; Id., 76 F.(2d) 1002.

Miller, Boston & Owen, of New York City (Carl M. Owen and Mark F. Hughes, both of New York City, of counsel), for receiver.

John J. Curtin, of New York City (John J. Curtin and Winfield S. Palmer, both of New York City, of counsel), Sp. Counsel for Transit Commission.

MACK, Circuit Judge.

In addition to the suit which the Transit Commission has brought in the New York Supreme Court in the name and on behalf of the city of New York, the further prosecution of which has this day been enjoined, American Brake Shoe & Foundry Co. v. Interborough Rapid Transit Co., 11 F. Supp. 26, the Commission has brought a statutory proceeding in the state court in its own name against the Interborough Company and its receiver, pursuant to section 57 of the New York Public Service Law (Consol. Laws N. Y. c. 48), for a mandamus commanding the defendants therein to perform the obligations of the company under contract 3 and related certificates, as set forth in the petition, or for an injunction restraining them from doing anything which would constitute a violation of those obligations. The Interborough receiver thereupon filed a dependent bill in the receivership proceedings to enjoin the commission from prosecuting the special proceeding. He now asks for an injunction pendente lite; the Transit Commission moves to dismiss the dependent bill and to quash and set aside the service of the subpœna.

In substance, the special proceeding seeks determination of the same issues that are involved in the suit brought by the commission in the name of the city of New York. But in it, the commission sues not as agent and on behalf of the city, but in its capacity as a state regulatory body. In that capacity it is made a defendant to the dependent bill, and thus by its motions there is presented the question of whether or not the dependent suit is an action against the state within the prohibition of the Eleventh Amendment.

It is well settled that a suit to enjoin proceedings by a state agency, charged with the administration of a state statute, is not necessarily one against the state. Looney v. Eastern Texas Ry. Co., 247 U. S. 214, 38 S. Ct. 460, 62 L. Ed. 1084 (1918); Mississippi R. Comm. v. Illinois Cent. R. Co., 203 U. S. 335, 27 S. Ct. 90, 51 L. Ed. 209 (1906). The prohibition of the Eleventh Amendment is applicable only if the state is the real party in interest, as when it is pecuniarily directly affected. In re Ayers, 123 U. S. 443, 8 S. Ct. 164, 31 L. Ed. 216 (1887), and McGahey v. Virginia, 135 U. S. 662, 10 S. Ct. 972, 34 L. Ed. 304 (1890), suits to force the state to accept coupons attached to state bonds in payment of taxes, are typical examples. So, too, Ex parte State of New York, 256 U. S. 490, 41 S. Ct. 588, 65 L. Ed. 1057 (1921), in which a writ of prohibition was granted against further prosecution in the federal courts of a suit against the New York superintendent of public works, on the ground that the ultimate incidence of the relief sought would fall upon the state. Similarly, a suit will not lie in the federal courts to force a state to raise taxes [State of North Carolina v. Temple, 134 U. S. 22, 10 S. Ct. 509, 33 L. Ed. 849 (1890); State of Louisiana v. Steele, 134 U. S. 230, 10 S. Ct. 511, 33 L. Ed. 891 (1890)], or to enjoin the state from bringing an action for the collection of taxes [Missouri v. Fiske, 290 U. S. 18, 54 S. Ct. 18, 78 L. Ed. 145 (1933)]. The state is likewise the real party in interest when the effect of the suit is to compel it to continue the performance of its contracts [cf. Wells v. Roper, 246 U. S. 335, 38 S. Ct. 317, 62 L. Ed. 755 (1918); Transcontinental & Western Air v. Farley, 71 F.(2d) 288 (C. C. A. 2d, 1933)], or when the suit affects the ownership or administration of state property [Cunningham v. Macon & Brunswick R. Co., 109 U. S. 446, 3 S. Ct. 292, 609, 27 L. Ed. 992 (1883); cf. Morrison v. Work, 266 U. S. 481, 45 S. Ct. 149, 69 L. Ed. 394 (1925)]. In criminal proceedings, too, that are already pending in the state court under a concededly valid statute, the state, as an organized political community, is the real party in interest and the federal courts cannot, therefore, enjoin the state prosecuting officials from continuing the proceedings. Harkrader v. Wadley, 172 U. S. 148, 19 S. Ct. 119, 43 L. Ed. 399 (1898). But see as to limitations, Ex parte Young, 209 U. S. 123, 159 et seq., 28 S. Ct. 441, 52 L. Ed. 714,

13 L. R. A. (N. S.) 932, 14 Ann. Cas. 764.

But the present case presents a different situation. The state as such has no real interest in the controversy; it does not affect state revenues, state property, state contracts, or any activity by the state as a political entity. Those primarily interested in the litigation are the city, the Interborough Company, the Manhattan Company, and the public which uses their lines. In a sense, the state, through the Transit Commission, represents that public; but it is well settled that such a general governmental interest does not make the state a party in interest to the litigation. Missouri, Kansas & Texas Ry. Co. v. Missouri R. R. & Warehouse Com'rs, 183 U. S. 53, 22 S. Ct. 18, 21, 46 L. Ed. 78 (1901). The Missouri board of railroad commissioners had ordered the defendant railroad company to discontinue certain allegedly excessive charges. The company failed to comply with the order; the commissioners brought a statutory proceeding in the state court, somewhat similar to the proceedings authorized by section 57 of the New York Public Service Law (Consol. Laws N. Y. c. 48), to restrain the railroad from continuing to violate the order. The company removed the case to the federal court; a motion to remand on the ground that the state was the real party plaintiff and the case, therefore, not within the Removal Acts (Jud. Code § 28, 28 USCA § 71), was denied. In affirming, the Supreme Court said:

"It is not an action to recover any money for the state. Its results will not enure to the benefit of the state as a state in any degree. It is a suit to compel compliance with an order of the railroad commissioners in respect to rates and charges. The parties interested are the railway company, on the one hand, and they who use the bridge, on the other; the one interested to have the charges maintained as they have been, the others to have them reduced in compliance with the order of the commissioners. They are the real parties in interest, and in respect to whom the decree will effectively operate.

"It is true that the state has a governmental interest in the welfare of all its citizens, in compelling obedience to the legal orders of all its officials, and in securing compliance with all its laws. But such general governmental interest is not that which makes the state, as an organized political community, a party in interest in the litigation, for if that were so the state would be a party in interest in all litigation; because the purpose of all litigation is to preserve and enforce rights and secure compliance with the law of the state, either statute or common. The interest must be one in the state as an artificial person. Reagan v. Farmers' Loan & Trust Co., 154 U. S. 362–390, 14 S. Ct. 1047, 38 L. Ed. 1014, 1021, 4 I. C. R. 560."

In my judgment, that decision is decisive of the present case. It cannot be distinguished on the ground that the question arose under the Removal Acts, whereas here the Eleventh Amendment is involved. See Reagan v. Farmers' Loan & Trust Company, 154 U. S. 362, 14 S. Ct. 1047, 38 L. Ed. 1014 (1894); Mississippi R. Comm. v. Illinois Cent. R. Co., supra. The decision in the Missouri, Kansas & Texas Ry. Case has frequently been cited with approval; it has been held applicable even though the state was a nominal party to the action sought to be enjoined. Ex parte State of Nebraska, 209 U. S. 436, 28 S. Ct. 581, 52 L. Ed. 876 (1908); In re Chicago, M. & St. P. R. Co., 50 F.(2d) 430 (D. C. Minn. 1931); Blease v. Safety Transit Co., 50 F.(2d) 852 (C. C. A. 4th, 1931); Poor v. Iowa Cent. R. Co., 155 F. 226 (C. C. S. D. Iowa, 1907).

The motion to dismiss the bill and to quash and set aside the service of the subpœna must, therefore, be denied. Like the suit commenced in the New York Supreme Court by the Transit Commission acting on behalf of the city, the further prosecution of which has this day been enjoined, the special statutory proceeding which the commission has brought as a state agency is an encroachment upon the exclusive jurisdiction of the federal court in the receivership proceedings, for the reasons stated in the opinion filed January 18, 1935, denying leave to the commission, as agent of the city of New York, to bring suit. The motion for an injunction pendente lite is, therefore, granted.