The BOARD OF ELECTRIC LIGHT COMMISSIONERS OF the CITY OF BURLINGTON, the City of Burlington Electric Light Department, and the City of Burlington

v.

V. Louise McCARREN, individually in her official capacity as Chairman of the State of Vermont Public Service Board and Rosalyn L. Hunneman and Samuel S. Bloomberg, individually in their official capacities as members of the State of Vermont Public Service Board

City of Winooski, Intervenor.

Civ. A. No. 82–64.

United States District Court,
D. Vermont.

Dec. 9, 1982.

Nancy G. Sheahan, McNeil, Murray & Sorrell, Inc., Burlington, Vt., for plaintiffs.

Harriet A. King, King & King, Waitsfield, Vt., for defendants.

William E. Wargo, City Atty., Winooski, Vt., for intervenor.

## MEMORANDUM OF DECISION

HOLDEN, Chief Judge.

The plaintiffs in this action seek declaratory and injunctive relief against the enforcement of the order entered by a majority of the Vermont Public Service Board in *Petition of the City of Winooski*, P.S.B. Docket No. 4606 (Feb. 9, 1982). That order purported to assert the jurisdiction of the Public Service Board over the licensing of the Chace Mill hydroelectric project which

plaintiffs propose to build. The plaintiffs contend that, under the Federal Power Act, the jurisdiction of the Federal Energy Regulatory Commission (FERC) is exclusive of that assumed by the defendants over the Chace Mill project.

The relevant facts are not disputed. The proposed project would be located on the Winooski River, a navigable waterway of the United States. On July 14, 1980, plaintiffs Board of Electric Light Commissioners and the City of Burlington Electric Light Department filed an application with FERC pursuant to the Federal Power Act, 16 U.S.C. § 791a *et seq.* for a license to develop the Chace Mill project. FERC has taken and is exercising jurisdiction over the project.

The plaintiffs have moved for summary judgment. The defendants have moved to dismiss the complaint on several jurisdictional grounds. The intervenor City of Winooski has moved for partial summary judgment.

The legal issues in this case are substantially identical to those considered in this court's recent decision in *Springfield v. McCarren,* 549 F.Supp. 1134 (D.Vt.1982). The only differences between the two cases are that here injunctive relief is sought in addition to declaratory relief; the Public Service Board, as an entity, appears to remain impleaded as a defendant in this case; and the intervenor in this case, Winooski, has raised four additional jurisdictional defenses, none of which has any merit. For the reasons given at greater length in *Springfield v. McCarren, id.,* the court will grant the plaintiffs' motion for summary judgment, deny the defendants' motion to

dismiss, and deny the intervenor's motion for partial summary judgment.

The Public Service Board defendants advance the same jurisdictional defenses here as they did in *Springfield v. McCarren:* lack of federal question jurisdiction, the Eleventh Amendment, the doctrine of *res judicata,* the Anti-Injunction Act, and principles of equity, comity, and federalism. There is no lack of federal question jurisdiction. At the time of this court's decision in *Springfield,* the court was unaware that the Second Circuit had joined the growing number of courts of appeals that have held that federal preemption can form the basis for federal question jurisdiction under 28 U.S.C. § 1331 in a suit for equitable relief. *Stone & Webster Engineering Corp. v. Ilsley,* 690 F.2d 323 (2d Cir.1982);[1] *accord, First Federal Savings & Loan Association v. Greenwald,* 591 F.2d 417, 423 n. 8 (1st Cir. 1979); *Braniff International, Inc. v. Florida Public Service Commission,* 576 F.2d 1100, 1104–06 (5th Cir.1978); *People v. General Electric Co.,* 683 F.2d 206, 209–211 (7th Cir. 1982) (Posner, J.); *Conference of Federal Savings and Loan Associations v. Stein,* 604 F.2d 1256, 1259 (9th Cir.1979), *aff'd mem.,* 445 U.S. 921, 100 S.Ct. 1304, 63 L.Ed.2d 754 (1980); and *Rath Packing Co. v. Becker,* 530 F.2d 1295 (9th Cir.1975), *aff'd sub nom. Jones v. Rath Packing Co.,* 430 U.S. 519, 97 S.Ct. 1305, 51 L.Ed.2d 604 (1977). This court is confident that holdings to the contrary, *see cases cited in Springfield v. McCarren, supra,* at 1140, shall not long survive the superior analysis in Judge Cardamone's recent opinion in *Stone & Webster Engineering Corp. v. Ilsley, supra,* and Judge Posner's recent opinion in *People v. General Electric Co., supra.*

---

1. Here, as in *Stone & Webster,* "not only is a right being asserted on the face of the complaint, but an injunction is also being affirmatively sought to prevent interference with that right." *Id.,* 690 F.2d at 327. In *Springfield v. McCarren, supra,* no injunction was sought. This distinction should not be determinative of the existence *vel non* of federal question jurisdiction. As the Court of Appeals recognized in *Stone & Webster* "Regardless of whether ... the equitable considerations necessary to support the issuance of an injunction are sufficiently alleged, jurisdiction under [28 U.S.C.] § 1331(a) clearly exists since a declaratory

judgment may be entertained even where further relief is unavailable." *Id.,* 690 F.2d at 327. Whether or not an injunction is sought in the complaint, and whether or not an injunction could issue, federal question jurisdiction is proper in a suit challenging state action on the ground of federal preemption if it is "relatively certain" that coercive litigation which could be brought in federal court would eventually result between the parties. *See Springfield v. McCarren, supra,* at 1139 n. 1, *citing* Note, *Developments in the Law—Declaratory Judgments—1941–1949,* 62 Harv.L.Rev. 787, 794 (1949).

Nor does the Eleventh Amendment bar this suit against the individual Public Service Board members. The Public Service Board was initially impleaded as the sole defendant in this case. By order dated August 3, 1982, the court granted plaintiffs leave to substitute the individual Board members as parties defendant. The plaintiffs responded by filing a motion entitled a motion to "join" the individual Board members, but in which the plaintiffs moved to "substitute" the individual members. Motion of City of Burlington to Amend Complaint to Join Certain Named Individuals as Parties Defendant, filed August 17, 1982, at 2. The court granted that motion on August 23, 1982. The plaintiffs subsequently filed an Amended Complaint that appears to name the Board itself as a party defendant. *Id.*, ¶¶ 5, 8, 9, 10. Yet plaintiffs have since alluded to the amendment as intended to "*substitute* the individual members of the Vermont Public Service Board as Defendants in this case." Memorandum in Support of Plaintiffs' Supplemental Motion for Summary Judgment, filed October 18, 1982, at 15 (emphasis added).

▪ In light of the apparent confusion as to whether the Public Service Board remains a party and the serious Eleventh Amendment issues that would be raised by its presence in the case as a defendant,[2] and considering that the plaintiffs will not be prejudiced by the dismissal of the Board, this court on its own initiative will drop the Public Service Board as a party defendant, pursuant to Fed.R.Civ.P. 21. *Cf.* 7 Wright & Miller, *Federal Practice & Procedure* § 1686, at 336–37. As against the remaining defendants, the individual Board members, sovereign immunity is no bar to suit. It is a fundamental tenet of our regime of rule by law that individual governmental officials acting outside the scope of their lawful authority are subject to restraint by courts. *See Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908); *Springfield v. McCarren, supra,* at 1149.

▪ The court further concludes that neither *res judicata,* nor the Anti-Injunction Act, nor abstention for reasons of equity, comity, and federalism precludes a decision on the merits. *See Springfield v. McCarren, supra,* at 1150–53; *see also Stone & Webster Engineering Corp. v. Ilsley, supra,* 690 F.2d at 326 n. 2 ("Abstention . . . under the doctrine of *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669

2. *See Springfield v. McCarren, supra,* at 1149. A suit to enjoin action by a state regulatory commission is not necessarily one against a State within the meaning of the Eleventh Amendment. *Prentis v. Atlantic Coast Line,* 211 U.S. 210, 230, 29 S.Ct. 67, 71, 53 L.Ed. 150 (1908); *Ex parte Young,* 209 U.S. 123, 155, 28 S.Ct. 441, 452, 52 L.Ed. 714 (1908); *Mississippi Railroad Commission v. Illinois Central Railroad Co.,* 203 U.S. 335, 340, 27 S.Ct. 90, 92, 51 L.Ed. 209 (1906); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Cavicchia,* 311 F.Supp. 149, 155 (S.D.N.Y.1970) (Lasker, J.); *Murray v. Transit Commission,* 11 F.Supp. 27, 28–29 (S.D. N.Y.1935), *aff'd per curiam on opinion below,* 104 F.2d 1017 (2d Cir.1939) (L. Hand, Swan, and Chase, JJ.). Often, the real parties in interest will be those who appeared before the state regulatory commission, not the commission itself. Under these circumstances, the doctrine of sovereign immunity, exemplified in the Eleventh Amendment, is no bar to impleading a state regulatory commission, since it is deemed a nominal defendant. *Cf. Missouri, Kansas & Texas Railway Co. v. Missouri Railroad & Warehouse Commissioners,* 183 U.S. 53, 22 S.Ct. 18, 46 L.Ed. 78 (1901). Arguably, under this view, the City of Winooski, which petitioned the Public Service Board, is a real party in interest, while the Board itself is not. On the other hand, the plaintiffs' grievance in this case is not that a state regulatory commission has approved an 'unreasonable' rate, *cf.* cases cited by Justice Holmes in *Prentis v. Atlantic Coast Line, supra,* 211 U.S. at 230–31, 29 S.Ct. at 71, but that the Public Service Board is entirely without jurisdiction over the licensing of hydroelectric plants on navigable waters of the United States. This contention directly challenges the power assumed by the majority of the Public Service Board. The Board has more than a "general governmental interest" in securing compliance with its order. *Cf. Murray v. Transit Commission, supra,* 11 F.Supp. at 29. It has an interest of its own in defining the outer perimeters of its authority, and thus would appear to be a real party in interest. If this view is correct, the Public Service Board, as an entity, would be immune from a suit to which it had not consented.

The proper resolution of this issue is rendered moot by the court's dismissal of the Board from this case, pursuant to Fed.R.Civ.P. 21.

(1971), is not appropriately invoked in a preemption case."). The four additional jurisdictional defenses advanced by Winooski—lack of capacity of the plaintiffs to sue, lack of personal jurisdiction, failure to exhaust state remedies and the state appeal process, and collateral estoppel—cannot be sustained. The Board of Electric Light Commissioners has the capacity to sue on behalf of the City of Burlington with respect to matters relating to the City's electric plant. Burlington City Charter, § 228(b). There is no want of personal jurisdiction over any of the parties in this case. The Public Service Board's order in *Petition of Winooski, supra,* was a final administrative order, and the plaintiffs were not obliged to pursue a judicial remedy in state court instead of federal court. *Bacon v. Rutland Railroad Co.,* 232 U.S. 134, 34 S.Ct. 283, 58 L.Ed. 538 (1914). For the same reasons that *res judicata* is no bar to this action, *cf. Springfield v. McCarren, supra,* at 1150–51, the plaintiffs are not precluded by the related doctrine of collateral estoppel from litigating the issue resolved adversely to them by the Public Service Board in *Petition of Winooski, supra. Cf. Springfield v. State of Vermont Environmental Board,* 521 F.Supp. 243, 246–47 (D.Vt.1981).

■ On the merits, the plaintiffs are entitled to summary judgment. The jurisdiction of the Federal Energy Regulatory Commission over the licensing of hydroelectric plants on navigable waters of the United States is exclusive of the jurisdiction assumed by the Public Service Board majority over the licensing of the Chace Mill project. *See First Iowa Hydro-Electric Cooperative v. Federal Power Commission,* 328 U.S. 152, 168, 66 S.Ct. 906, 913, 90 L.Ed. 1143 (1946); *Citizens Utilities Co. v. Prouty,* 122 Vt. 443, 176 A.2d 751 (1961), *cert. denied,* 369 U.S. 838, 82 S.Ct. 867, 7 L.Ed.2d 842 (1962); *In re Bellows Falls Hydro-Electric Corp.,* 114 Vt. 443, 49 A.2d 561 (1946); *Springfield v. McCarren, supra,* at 1153, 1155. For the Public Service Board to have the power to grant or deny a state permit would vest in the Board an impermissible power to veto a federally-approved project. And because the federal licensing plan per-

vades the field by evaluating license applications in light of "comprehensive" criteria, *see* 16 U.S.C. § 803(a), concurrent jurisdiction up to the point of veto is likewise condemned. *See Springfield v. McCarren, supra,* at 1154.

■ The intervenor has moved for partial summary judgment to the effect that the Public Service Board has jurisdiction over those aspects of the Chace Mill project relating to "the control, appropriation, use, or distribution of water used in irrigation or for municipal or other uses, or any vested right acquired therein." 16 U.S.C. § 821. Winooski bases its motion on this court's decision in *Springfield v. McCarren, supra.* Winooski misconstrues both this court's decision and the responsibilities of the Vermont Public Service Board. *Springfield v. McCarren* recognized, as did *First Iowa,* that the effect of the language quoted above from the Federal Power Act's "saving clause," 16 U.S.C. § 821, "in protecting state laws from supersedure, is limited to laws as to the control, appropriation, use or distribution of water in irrigation or for municipal or other uses *of the same nature.*" *First Iowa, supra,* 328 U.S. at 175–76, 66 S.Ct. at 916–17 (emphasis added); *see Springfield v. McCarren, supra,* at 1154, 1155. In other words, the saving clause in the statute "has primary, if not exclusive, reference to such proprietary rights." *First Iowa, supra,* 328 U.S. at 176, 66 S.Ct. at 917. Nothing the Vermont Public Service Board does in approving new electric generation and transmission facilities under 30 V.S.A. § 248 pertains to proprietary rights in water. It does not exercise the kind of supervision over property rights in water that the California Water Resources Board did in *California v. United States,* 438 U.S. 645, 98 S.Ct. 2985, 57 L.Ed.2d 1018 (1978).

Pursuant to Fed.R.Civ.P. 21, the State of Vermont Public Service Board will be dropped as a party defendant. The intervenor's motion for partial summary judgment will be denied. The defendants' motion to dismiss is denied. The plaintiffs' motion for summary judgment is granted. It is declared and adjudged that under the Federal Power Act and the Supremacy Clause, the jurisdiction of the Federal Energy Reg-

ulatory Commission to act on the plaintiffs' application for a license to develop the proposed Chace Mill hydroelectric project is exclusive of the jurisdiction assumed by the majority of the members of the Vermont Public Service Board over the elements of the Chace Mill project within the plaintiffs' application to FERC for a license for the project. Accordingly, the order entered by defendants McCarren and Hunneman in *Petition of the City of Winooski*, P.S.B. Docket No. 4606, on February 9, 1982, exceeds the jurisdiction of the Public Service Board, and is without legal force and effect. Defendants McCarren, Hunneman, and Bloomberg will be enjoined from undertaking to enforce that order.

The clerk will enter judgment accordingly.

It is so ORDERED.